# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JAMERE TOWNS,<br><br>                             Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>                            Respondent. | Case No. 18-CV-856-JPS<br>Crim. Case No. 13-CR-17-4-JPS<br><br>**ORDER** |

      Petitioner Jamere Towns ("Towns") pleaded guilty to nine counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of brandishing a firearm in connection with a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). *United States v. Jamere Towns*, 13-CR-17-4-JPS (E.D. Wis.) (Towns' "Criminal Case"), (Docket #125). On December 3, 2013, the Court sentenced him to forty years' imprisonment. *Id.*, (Docket #182). Towns did not appeal his convictions or sentence. He filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 on November 24, 2014, which was finally denied on December 23, 2015. *Jamere Towns v. United States*, 14-CV-1481-JPS, (Docket #33). Later, Towns sought leave from the Seventh Circuit to file a second motion to vacate, which was denied. Criminal Case, (Docket #234).

      Before the Court is Towns' second motion to vacate his convictions. (Docket #1). That motion is now before the Court for screening:

> If it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United

States Attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4(b), Rules Governing Section 2255 Proceedings.

Generally, the Court begins the screening process by examining the timeliness of the motion and whether the claims therein are procedurally defaulted. Indeed, Towns' motion appears to be both untimely and procedurally defaulted. The Court need not address those matters, however, because both of Towns' grounds for relief are plainly meritless.[1] Both grounds attack his Section 924(c) conviction.[2] As noted above, Towns was convicted under Section 924(c)(1)(A)(ii) for brandishing a firearm during a crime of violence. In Ground One, Towns questions whether Hobbs Act robbery still qualifies as a crime of violence. (Docket #1 at 4). Ground Two is not really a separate ground at all; it simply states the conclusion that if Ground One is correct, then Towns' Section 924(c) conviction lacks the required predicate and must be vacated. *Id.* at 5.

As the basis for both grounds, Towns cites to a recent U.S. Supreme Court decision, *Sessions v. Dimaya*, 138 S.Ct. 1204 (2018). *Dimaya* addressed the criminal code's definition of a "crime of violence," located in 18 U.S.C.

---

[1] The Court could also dismiss this action for two other reasons. First, Towns has lied in his petition, claiming that he has never filed any other motions challenging his sentence. (Docket #1 at 2). Indeed, he asserts that the instant motion "is my initial collateral appeal." *Id.* at 3. This is demonstrably false and could be sanctioned by dismissal of the motion. Second, because the instant motion is clearly not Towns' first, he should have applied for leave to file it with the Court of Appeals, as he did back in 2016. Nevertheless, because Towns' motion is entirely without merit, the Court need not delve into these other bases for dismissal.

[2] In his request for relief, Towns asks that his Hobbs Act robbery convictions also be vacated. (Docket #1 at 12). As explained *infra*, his grounds for relief bear only on the validity of his Section 924(c) conviction.

§ 16. Section 16 has two parts. Section 16(a), known as the "elements" clause, states that a crime is a "crime of violence" if it has as an element the use of physical force. 18 U.S.C. § 16(a). Section 16(b), known as the "residual" clause, says that a crime which does not fall within Section 16(a) may nevertheless be considered a "crime of violence" if it is a felony and "by its nature, involves a substantial risk that physical force" may be used to commit the crime. *Id.* § 16(b). *Dimaya* held that Section 16(b) is unconstitutionally vague. *Dimaya*, 138 S.Ct. at 1223.

Section 924(c)(3) defines "crime of violence" for the purposes of that statute, and uses similar "elements" and "residual" clauses. 18 U.S.C. § 924(c)(3)(A) (elements clause) & (B) (residual clause). The implication of Towns' motion is that under *Dimaya*'s logic, Section 924(c)(3)(B) must also be struck down. The problem for Towns is that in his case, any concern with Section 924(c)(3)(B) is academic. The Court of Appeals held just last year:

> [W]e have recently decided that Hobbs Act robbery indeed qualifies as a "crime of violence" under § 924(c) because it "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." *United States v. Anglin*, [846 F.3d 954, 964 (7th Cir. 2017)] (quoting 18 U.S.C. § 924(c)(3)(A)). The Hobbs Act defines robbery in relevant part as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property." 18 U.S.C. § 1951(b)(1). Because one cannot commit Hobbs Act robbery without using or threatening physical force, we held that Hobbs Act robbery qualifies as a predicate for a crime-of-violence conviction. *Anglin*, [846 F.3d at 965].

*United States v. Rivera*, 847 F.3d 847, 848–49 (7th Cir. 2017). Thus, Hobbs Act robbery does indeed qualify as a crime of violence. Further, "[Towns']

Hobbs Act robbery conviction serves as a valid predicate for his Section 924(c) conviction by way of the elements clause of Section 924(c)(3), not the residual clause." *Jones v. United States*, 17-CV-933-JPS, 2017 WL 3016819, at *2 (E.D. Wis. July 14, 2017). Thus, the vagueness of Section 924(c)(3)(B) has no bearing on the validity of Towns' firearm brandishing conviction.[3]

Because Towns is plainly not entitled to relief on both grounds presented in his motion, the Court is compelled to deny the motion and dismiss this action with prejudice. Under Rule 11(a) of the Rules Governing Section 2255 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Towns must make a "substantial showing of the denial of a constitutional right" by establishing that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). No reasonable jurists could debate

---

[3] Towns' motion also references a case captioned "Antwon vs. Jenkins" as further support for his grounds for relief. (Docket #1 at 4, 5). He states that the case is one from the Seventh Circuit and that an opinion was issued therein in 2018. *Id.* The Court has been unable to locate a case with that caption from this year. It did, however, find a case called *United States v. Antwon Jenkins*, 849 F.3d 390 (7th Cir. 2017). There, the Court of Appeals determined that kidnapping was not a crime of violence under the elements or residual clauses. *Id.* at 393–94. An appeal was taken, and just last month, the Supreme Court granted certiorari and summarily vacated the Seventh Circuit's opinion. *United States v. Jenkins, Antwon*, 2018 WL 2186183, at *1 (May 14, 2018). The Supreme Court remanded with instructions for the Court of Appeals to "further consider[]" their position in light of *Dimaya*. *Id.* If this is the case Towns intended to reference, it has no bearing on his motion; he was convicted of robbery, not kidnapping. If he meant to cite some other case, it is not accessible in any of the databases available to the Court.

whether Towns' motion presented a viable ground for relief. *Dimaya* is irrelevant, and *Rivera* and *Anglin* completely foreclose his claim. As a consequence, the Court is compelled to deny a certificate of appealability as to Towns' motion.

Finally, the Court closes with some information about the actions that Towns may take if he wishes to challenge the Court's resolution of this case. This order and the judgment to follow are final. A dissatisfied party may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within 30 days of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). Moreover, under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within 28 days of the entry of judgment. The Court cannot extend this deadline. *See* Fed. R. Civ. P. 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See id*. A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate in a case.

Accordingly,

**IT IS ORDERED** that Petitioner's motion to vacate, set aside, or correct his sentence pursuant to Section 2255 (Docket #1) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**; and

**IT IS FURTHER ORDERED** that a certificate of appealability be and the same is hereby **DENIED**.

The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 11th day of June, 2018.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge